# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK TILLMAN, | CASE NO. 1:11-CV-01010-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| SERGEANT U. GABRIEL; CANTEEN MANAGER ECHOLS, | (DOC. 1) |
| Defendants. | |

## Screening Order

**I.  Background**

Plaintiff Frank Tillman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 17, 2011.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous [or] malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of Complaint

Plaintiff is currently incarcerated at North Kern State Prison in Delano, California. The events giving rise to this action occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names as Defendants: Correctional Sergeant U. Gabriel and Canteen Manager Echols.

Plaintiff alleges the following: On May 5, 2010, Defendant Garbriel ordered Plaintiff "to leave his personal canteen items out on the yard during an incident and in the process the $108.95 worth of canteen was misplaced." Doc. 1, p. 3.

According to the exhibits attached to the complaint, Plaintiff filed an inmate appeal form ("CDC 602") on May 8, 2009. Plaintiff alleged that on May 5, 2009, there was an alarm in the "B" facility while he was drawing his canteen. He was ordered to stop shopping and go to the grass area. After a body search, Plaintiff informed Defendant Gabriel that his canteen was sitting in front of the canteen window unattended. Plaintiff was ordered back to his building unit without his property valued at $108.95. Doc. 1, p. 4. The appeal responses indicate that Defendant Echols delivered Plaintiff's property to him after it was safe to exit the canteen. Doc. 1, pp. 6-9. Plaintiff appears to contend that the property was delivered to another inmate. Doc. 1, p. 11.

### III. Analysis

Plaintiff seeks imposition of liability for loss of his "canteen property," which he claims Defendant Gabriel caused him to lose and which Defendant Echols returned to the wrong prisoner. Where an inmate alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517 (1984). California law provides an adequate post-deprivation state remedy for property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.1994). As such, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action.

### IV. Conclusion And Order

Plaintiff fails to state a claim against any Defendants. Plaintiff will not be able to cure the deficiencies in his complaint even if given leave to amend. Leave to amend will thus not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **January 31, 2012**              /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

3